Rothschild v. Cozad.

E. ROTHSCHILD AND BROS., *a Corporation*, **v. J. D.**
COZAD AND A. FISCHER.

**No. 536.** ( 62 Pac. 6.)

ACTION ON NOTES—*Question of Fact.* The evidence examined, and *held* sufficient to uphold the judgment of the trial court.

Error from Linn district court; W. L. SIMONS, judge.   Opinion filed July 25, 1900.   Affirmed.

*John W. Poore,* and *Sims & Waterman,* for plaintiff in error.

*John C. Cannon,* for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The defendants were doing a general merchandise business at Blue Mound, Kan.  They were indebted to plaintiff in error in the sum of $1805, and were also indebted to numerous other parties.

On the 28th day of December, 1892, they made an assignment for the benefit of their creditors.  Afterward they agreed with all their creditors and settled by a payment of fifty per cent. of the amount of the original indebtedness.  In the settlement, the plaintiff in error procured from the defendants in error nine promissory notes, for the sum of $100 each.

In 1898 plaintiff in error, as plaintiff below, commenced an action in the district court of Linn county to recover the amount due on the notes.  The defendants in error, defendants below, answered by general denial, and alleged :

"Said defendants answering say that on or about the 28th day of December, A. D. 1892, they were partners in the general merchandise store of Cozad, Glucklick & Co., of Blue Mound, Kan., and that on said date they made an assignment for the benefit of their

creditors, and that afterward, on the 28th day of February, 1893, they made an agreement with all their creditors whereby, in consideration of the sum of one dollar and the payment of fifty per cent. of the original claims of all the creditors against said firm of Cozad, Glucklick & Co., they were to be discharged and relieved by all creditors of all claims held by the said creditors against them, and that said agreement has been carried out by said firm of Cozad, Glucklick & Co.

"Defendants further say that the firm of E. Rothschild & Bros. were creditors of the then firm of Cozad, Glucklick & Co., and that they agreed to said settlement and that they have been paid their full fifty per cent. of the amount of their claim against the said firm of Cozad, Glucklick & Co., and that the notes sued on herein were notes that the said firm of E. Rothschild & Bros. compelled said defendants to execute and deliver to one T. F. Vaughn for the remaining half of their claims against the said firm of Cozad, Glucklick & Co.

"That the said firm of E. Rothschild & Bros. attempted by the said notes to force said defendants to pay the said firm of E. Rothschild & Bros. the full amount of their said claims while pretending to the other creditors of said firm of Cozad, Glucklick & Co. that they were receiving only fifty per cent., as the other creditors were likewise doing.

"That the said payee of said notes, T. F. Vaughn, was the credit man of said firm of E. Rothschild & Bros., and that said notes were made payable to him for the purpose of trying to defeat, cheat and defraud these defendants, instead of carrying out a good-faith adjustment of the indebtedness of the said firm of Cozad, Glucklick & Co., as by their said agreement they agreed to do, and that said notes are without any consideration whatever.

"That said firm of E. Rothschild & Bros., a corporation, plaintiff herein, is the successor to the firm of E. Rothschild & Bros., and know and have full knowledge of all the facts above alleged and herein stated.''

Rothschild v. Cozad.

The reply of plaintiff is in substance as follows:

"Further replying, plaintiff says that it never made and executed any contract such as referred to in the answer of said defendants and that no such contract was ever made or carried out in good faith on the part of said defendants.

"Further replying, plaintiff says that it never made or authorized any person to make for it a composition settlement such as is alleged in the answer of the said defendants, and that said pretended composition settlement is void and of no effect, as the same is without consideration of any kind.

"Plaintiff further says, by way of reply, that it never at any time, by its agents or representatives, consented to any composition settlement, and that if any composition was agreed to in any way by the agents or representatives of said plaintiff, it was wholly without authority of said plaintiff, and that said plaintiff has never ratified the act of said representative, and that if consent was procured or obtained for such composition agreement, it was done by fraudulent, practices on the part of said defendants, and by fraudulent concealment of material facts on the part of said defendants, and that said plaintiff was not able by due diligence and did not, in fact, discover said fraudulent acts and concealment of said defendants until within the two years last past."

A jury was waived, and the trial of the issue submitted to the court. Judgment was rendered; and the defendants released and discharged from all liability upon the notes. Plaintiff below brings the case here for review.

The only question presented is one of fact. We have carefully read all the evidence contained in the record and feel satisfied that it is sufficient to sustain the judgment.

The judgment of the district court is affirmed.